UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL WAYNE FLYNN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:17-cv-02589-JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Movant Daniel Wayne Flynn's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. (Doc. 1). Respondent United States of America responded (Doc. 5), and Movant filed a reply. (Doc. 6). For the reasons discussed below, the motion will be denied.

**Background**

On November 19, 2012, Movant signed a guilty plea agreement admitting knowing violation of 18 U.S.C. § 451 by having falsely made counterfeit Federal Reserve Notes with intent to defraud. (*United States v. Flynn*, No. 4:12-CR-00399-JAR, Doc. 51). Movant was sentenced to 38 months imprisonment and three years of supervised release. (*Id.*, Doc. 84). While under supervised release, Movant was arrested for domestic assault. (*Id.*, Doc. 101). On May 18, 2017, Movant appeared in person, represented by counsel, at which time he waived his right to any hearing and clearly acknowledged that if a hearing were held the court would find "by a preponderance of the evidence . . . that [Movant has] committed a new state offense of domestic assault in the second degree." (*Id.*, Doc. 131). Accordingly, a Judgment for Revocation was

1

entered, and Movant was sentenced to 24 months imprisonment and 12 months of supervised release. (*Id.*, Doc. 122).

Movant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on October 16, 2017. (Doc. 1). Movant claims ineffective assistance of counsel under the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, Movant argues that his counsel was aware that the state charges for domestic assault were going to be dismissed within a week of his supervised release revocation hearing, and accordingly should have requested a continuance until that time. Respondent cites ample evidence demonstrating that Movant committed the domestic assault and notes the state charges were dismissed in large part because Movant was returning to federal prison. (Doc. 5). Respondent also observes that Movant has yet to deny committing the domestic assault and violating the terms of his supervised release. (*Id.*). Movant replies that Respondent's recounting does not reflect Movant's discussions with his attorney. (Doc. 6).

**Legal Standards**

A § 2255 movant is entitled to relief when his sentence "was imposed in violation of the Constitution or laws of the United States." *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (citing 28 U.S.C. § 2255). The movant must show that the "claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *Id.* (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).

To prove ineffective assistance of counsel, a movant must show that his attorney's performance was objectively unreasonable, and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice, the movant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The standard is "highly deferential." *Id.* at 689.

**Analysis**

Movant has failed to demonstrate that his counsel's decision not to request a continuance was objectively unreasonable, or that he was prejudiced as a result. Before the supervised release revocation hearing, Movant's counsel frequently spoke with the state prosecutor, obtained multiple continuances of the hearing, and consistently communicated the reason for such continuances to Movant. (Doc. 6-1). In total, Movant's counsel obtained four continuances before Movant finally appeared. (*United States v. Flynn*, No. 4:12-CR-00399-JAR, Docs. 111; 115; 118; 120).

Ultimately, on May 18, 2017, Movant appeared willingly for his supervised release revocation hearing, waived all rights to a hearing, and admitted that the government could prove by a preponderance of the evidence that he had violated the terms of his supervised release by committing domestic assault. (*Id.*, Doc. 131). Movant's counsel specifically noted that Movant had not committed a probation violation for 14 months prior to the domestic assault and appropriately sought credit for Movant's time spent in state and federal custody while the revocation was continued. (*Id.*). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, at 690. The strategic choices made by Movant's counsel were all entirely reasonable given the circumstances.

Movant also cannot show prejudicial effect. In order to prove prejudice, Movant would have to demonstrate that a fifth continuance would have been granted, the state charges would have been dismissed, and the outcome of the supervised release revocation hearing would have been different. Even if Movant's counsel had obtained a fifth continuance and the state charges had in fact been dismissed, which appears unlikely,[1] Movant has not demonstrated a reasonable probability that such events would have changed the outcome. Movant fully admitted that the

---

[1] As discussed above, Respondent argues that the charges were only eventually dismissed because Movant was being sentenced to federal prison. Respondent represents that Movant's counsel agrees this representation is accurate.

3

government could prove by a preponderance of the evidence that he had committed domestic assault. Respondent notes that the government had a police report, witness statements, and physical evidence showing the assault had occurred. Indeed, Movant has yet to claim that he did not commit the domestic assault. Because Movant's counsel requesting a fifth continuance would have had no material impact on Movant's probation revocation, failure to request a continuance was not prejudicial.

## Conclusion

The Court concludes that counsel's performance was neither objectively unreasonable nor prejudicial. Movant's claim fails on the merits and therefore he is not entitled to habeas relief.

Accordingly,

**IT IS HEREBY ORDERED** that Movant Daniel Wayne Flynn's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED.**

**FURTHER** the Court finds that, because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). A judgment dismissing this case is filed herewith.

Dated this 3rd day of September, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE